

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| IMELDA DAVILA, § | Case No. 10-50256 | |
| Debtor(s). § | | |
| § | Chapter 13 | |
| § | | |
| IMELDA DAVILA, § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | Adversary No. 11-05003 | |
| § | | |
| BMW FINANCIAL SERVICES NA, L.L.C; § | | |
| dba ALPHERA FINANCIAL SERVICES, § | | |
| Defendant(s). § | Judge Isgur | |

### MEMORANDUM OPINION ON PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Background

An extensive factual background is not necessary for this Memorandum Opinion. Imelda Davila ("Davila") filed for bankruptcy on October 5, 2010. Davila filed this adversary proceeding on February 8, 2011. Davila contends at the time of filing for bankruptcy she had an equitable ownership interest in an automobile due to an oral contract with one or more of the automobile's legal owners. (ECF Doc. 16 at 1-2). The Defendant, BMW Financial Services ("BMW"), has a security interest in the automobile. Davila alleges she sent notice to BMW of both her bankruptcy filing and her equitable interest in the automobile. (ECF Doc. 1 at 3). BMW admits to receiving notice of the bankruptcy but denies receiving notice of the supposed equitable ownership interest. (ECF Doc. 8). BMW repossessed the automobile without Court approval and without obtaining relief from the automatic stay.

Applicable Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Fed. R. Bankr. P. 7056 incorporates Rule 56 in adversary proceedings.[1]

A party seeking summary judgment must demonstrate:  (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine dispute of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006).  A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

A court views the facts and evidence in the light most favorable to the non-moving party at all times.  *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009).  Nevertheless, the Court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the fact.[2]  Fed. R. Civ. P. 56(c)(1).  The Court need consider only the cited materials, but it may

---

[1] Federal Rule of Civil Procedure 12(c), Motion for Judgment on the Pleadings, is made applicable to bankruptcy proceedings by Bankruptcy Rule 7012(b).  A Rule 12(c) Motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."  *Hebert Abstract Co. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990).  "A motion for judgment on the pleadings, like a motion for summary judgment, should be granted only if there is no issue of material fact and if the pleadings show that the moving party is entitled to prevail as a matter of law."  *Greenberg v. General Mills Fun Group, Inc.*, 478 F.2d 254, 256 (5th Cir. 1973).  The analysis in this section is thus also applicable to Plaintiff's Motion for Judgment on the Pleadings.

[2] If a party fails to support an assertion or to address another party's assertion as required by Rule 56(c), the Court may (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of

consider other materials in the record. Fed. R. Civ. P. 56(c)(3). The Court should not weigh the evidence. A credibility determination may not be part of the summary judgment analysis. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). However, a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. Fed. R. Civ. P. 56(c)(2).

"The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008). The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial. *Malacara*, 353 F.3d at 403. Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine dispute of material fact. *Sossamon*, 560 F.3d at 326. The non-moving party must cite to specific evidence demonstrating a genuine dispute. Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986). The non-moving party must also "articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004). Even if the movant meets the initial burden, the motion should be granted only if the non-movant cannot show a genuine dispute of material fact.

If the non-movant bears the burden of proof of an issue, the movant must show the absence of sufficient evidence to support an essential element of the non-movant's claim. *Norwegian Bulk Transp. A/S*, 520 F.3d at 412. Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged

---

the motion; (3) grant summary judgment if, taking the undisputed facts into account, the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e).

element of its case.  *Celotex*, 477 U.S. at 324.  The motion should be granted only if the non-movant cannot produce evidence to support an essential element of its claim.  *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

### Plaintiff's Motion for Judgment on the Pleadings

Plaintiff filed its Motion for Judgment on the Pleadings on August 12, 2011.  (ECF Doc. 14).  Plaintiff states that the material facts are undisputed.  (ECF Doc. 14 at 4).  This is incorrect.  The parties dispute the factual background of the agreement itself.  For instance, there is disagreement whether Davila entered into the agreement with both Brenda Sanchez and Ricardo Sanchez, a legal owner of the automobile, or solely with Brenda Sanchez, who is not a legal owner of the automobile.  The parties also dispute the actions of Ricardo Sanchez and Andrea Sanchez, the other legal title owner, subsequent to the alleged agreement.[3]  These disputed facts are material because they may impact the contractual obligations of one or both of the legal title owners, and therefore may impact whether Davila had an equitable ownership interest in the vehicle.

Plaintiff notes that even if the Court finds Davila did not have an equitable ownership interest in the automobile, BMW may still have violated the automatic stay per the Fifth Circuit's opinion in *Brown v. Chesnut*, 422 F.3d 298 (5th Cir. 2005).  (ECF Doc. 14 at 7).  However, BMW disputes whether Davila notified BMW of her alleged equitable ownership interest in the automobile.  Even if the Court were capable of ruling on the pleadings that Davila did in fact have a colorable equitable ownership interest, BMW's denial that it received notice of the interest would prevent the Court from finding a *Chesnut*-type violation of the automatic stay.

---

[3] Essentially the parties dispute what the legal title owners knew of the agreement, whether the legal title owners acknowledged, affirmed, or ratified any agreement, and whether the legal title owners' led Davila to believe one or both were in fact parties to any agreement.

4 / 6

*See Chesnut*, 422 F.3d at 298.[4]  This is a disputed issue of material fact.  Therefore, Plaintiff's Motion for Judgment on the Pleadings must be denied.

### Defendant's Motion for Summary Judgment

BMW filed a Motion for Summary Judgment on August 12, 2001.  (ECF Doc. 13).  BMW essentially argues: 1) Davila had no enforceable right against the owners of the vehicle, 2) Davila didn't even have a colorable basis from which to argue she had such a right (and therefore BMW did not commit a *Chesnut*-type violation), and 3) even if Davila did have such a right, it was unenforceable because the underlying agreement violated the statute of frauds.

For the reasons stated in the above section, there are genuine issues of material facts which prevent the Court from deciding (1) or (2) for or against BMW at this juncture.  As to (3), if the contract terms are as Davila describes them,[5] then the contract is not within the statute of frauds because "[the statute of frauds] does not apply if the contract, from its terms, could possibly be performed within a year—however improbable performance within one year may be."  *Iacono v. Lyons*, 16 S.W.3d 92 (Tex. App. Ct. 2000) (citing *Miller v. Riata Cadillac Co.*, 517 S.W.2d 773, 775 (Tex. 1974)).  It is possible that Davila would make all payments to BMW within one year.  Either there is another genuine issue of material fact (the terms of the contract) or BMW's statute of frauds defense fails.  The Court also questions whether BMW may assert the statue of frauds defense.  It was not a party to the alleged agreement.  *See Austin v. Countrywide Homes Loans,* 261 S.W.3d 68, 74 (Tex. App.–Houston [1 Dist.] 2008), review denied.

---

[4] In *Chesnut*, the creditor knew the debtor claimed certain property to be protected by the automatic stay, but foreclosed nonetheless because the creditor believed the debtor to be incorrect.  *Id.* at 300-01.  Here, BMW denied in its answer that it received notice of Davila's alleged equitable ownership interest, and thus did not have notice of the debtor's assertion that the property was part of the bankruptcy estate and protected by the automatic stay.  (ECF Doc. 8).

[5] Davila alleges that once all payments were made to BMW and the car paid off, legal title of the automobile was to be signed over to her.  (ECF Doc. 14 at 2).

The Defendant's Motion for Summary Judgment must therefore be denied.

## Conclusion

The Court will issue a separate order in accordance with this Memorandum Opinion.

SIGNED **September 14, 2011.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE